IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

HARBOR TRANSFER, INC.,

                Plaintiff,                Case No. 3:04 CV 7672

  -vs-

                                            MEMORANDUM   OPINION
ALFRED HELFRICH, et al.,                    AND   ORDER

                Defendant.

KATZ, J.

This matter is before the Court on Defendant Alfred Helfrich's Motion for Costs and Sanctions, Permission to Issue Subpoenas, Dismissal of Defendants Rosina Helfrich, et al., and to Vacate Hearing Set for May 10, 2005 (Doc. No. 19) and on Plaintiff's Motion to Deny and to Strike "Notice of Motion" and "Affidavit of Alfred Helfrich"  (Doc. No. 20). For the following reasons, Defendant's motion is denied. Plaintiff's motion to strike is denied as moot; Plaintiff's motion for costs and fees is denied with leave to reinstate.

### BACKGROUND

Plaintiff Harbor Transfer, Inc. ("Harbor Transfer") filed this interpleader action because it has an account containing more than $521,000 and does not know to whom the money belongs.

Account No. 1409224 ("the Account") was opened in 1989 in the name of R. Clay Beiwinkler, and, until recently, contained around $15,000. Then, on May 24, 2004, a $504,600 check was deposited into the account, drawn on the Atlas Money Market Account of Defendant Alfred Helfrich.

When the large deposit triggered reporting requirements under the USA Patriot Act, Harbor requested a social security number and was provided a number that turned out to be for Defendant Estate of Rozalia Beiwinkler ("the Estate"). Harbor was then required to freeze the funds in the Account. Now the Estate and Defendant Rosina Helfrich have asserted a claim to the funds, as has Alfred Helfrich.[1]

Alfred Helfrich claims he opened the Account and has been the only one to control it. He claims R. Clay Beiwinkler is his pseudonym, and that, for some unexplained reason, he gave Harbor Transfer his deceased grandmother's social security number when it inquired about the large deposit, which he claims he made by mistake. Alfred Helfrich has stated two "counterclaims," the first setting out essentially a claim for conversion if he does not receive the money at issue, and the second claiming that Rosina Helfrich has entered into a course of conduct to deprive him of his life savings.

The Court set an evidentiary hearing on the ownership of the funds in the Account and the identity of R. Clay Beiwinkler for May 10, 2005. Alfred Helfrich, acting *pro se*, subsequently mailed to the Court and to Plaintiff's counsel a copy of a document captioned "Notice of Motion" and an accompanying "Affidavit." The Court caused the motion to be filed with the Clerk on April 6, 2005. The "Notice of Motion" states, in pertinent part:

> Defendant, Alfred Helfrich, moves to enter judgment against Plaintiff, Harbor Transfer, Inc., as follows:
>
> 1. For costs assessed against Harbor Transfer, Inc. for failure to discharge their Fiduciary duty to its account holder.

---

[1] Alfred Helfrich is the son of Rosina Helfrich; Rosina Helfrich is the daughter of the late Rozalia Beiwinkler.

> 2. For sanction for their failure to return funds deposited by check #107
> 3. For permission to move hereafter to issue subpoenas to Harbor Transfer, Inc. officials as witnesses for the Defendant.
> 4. Motion requesting Rosina Helfrich, et al. be dismissed without prejudice.
> 5. Motion to vacate May 10, 2005 date certain hearing and to reset to any Monday in April.

(Doc. No. 19). The accompanying affidavit of Alfred Helfrich alleges, among other things, that Harbor Transfer has "taken advantage of" its relationship with Alfred Helfrich, that "fraudulent conversion of . . . money was executed contrary to the Fiduciary obligations in the Banking Laws," and that "agreements were broken." (Doc. No. 19). The affidavit further suggests that Harbor Transfer should be sanctioned, and states Alfred Helfrich's intent "to move for the immediate return of the amount represented by check No. 107." *Id*. Finally, the affidavit "prays that judgment be entered against Harbor Transfer, Inc. for (1) the losses caused by Defendant (2) sanctions (3) that Defendant now be permitted to move for the return of his money." *Id*.

It does not appear that Alfred Helfrich served his "Notice of Motion" and "Affidavit" upon the other defendants.

Harbor Transfer has moved to deny and to strike Alfred Helfrich's "Notice of Motion" and "Affidavit," claiming that the motion violates Local Rule 7.1 and Federal Rule of Civil Procedure 11 and is vague and ambiguous and therefore impossible for Harbor Transfer to respond to, and that the affidavit contains inadmissible and conclusory allegations. Harbor Transfer also urges the Court to award it attorneys' fees as a sanction against Alfred Helfrich under Rule 11 and 28 U.S.C. § 1927 for wastefully misusing the judicial process.

**DISCUSSION**

3

A.     *Defendant Alfred Helfrich's Motion for Costs and Sanctions*

Mr. Helfrich's motion for costs and sanctions is in the nature of a summary judgment motion. Motions for summary judgment are governed by Federal Rule of Evidence 56, which provides that a court may only grant summary judgment where the moving party demonstrates "that there is no genuine issue of material fact" and that he is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). As the Sixth Circuit has explained:

> "Rule 56(c) requires the moving party to show not only the absence of a disputed issue of fact but also that he is entitled to judgment as a matter of law. In assessing the sufficiency of the evidence to sustain a particular inference, therefore, the court must also consider the burden of proof on the issue and where it will rest at trial. When the moving party does not have the burden of proof on the issue, he need show only that the opponent cannot sustain his burden at trial. But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."

*Calderone v. United States*, 799 F.2d 254, 258-259 (6th Cir. 1986) (quoting W. Schwarzer, Summary Judgment Under The Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487-88 (1984)). In an interpleader action, "each claimant is regarded as a plaintiff and must successfully prove its right to the interpleaded funds." *Conn. Car Rental, Inc. v. Prime One Capital Co.*, 247 F. Supp. 2d 158, 164 (D. Conn. 2003).

Mr. Helfrich has asked the Court to assess costs against Harbor Transfer for its alleged breach of fiduciary responsibilities, and to sanction Harbor Transfer for failing to pay him the funds deposited into the Account on May 24, 2004. He has submitted in support of his motion an "Affidavit" in which he restates his claims against Harbor Transfer and makes conclusory allegations, but which contains no admissible evidence that supports his claims, as is required by Federal Rule 56(e).

4

Mr. Helfrich has provided no admissible evidence showing that he is the account-holder to whom Harbor Transfer owes a duty. In any event, he has provided no evidence showing that Harbor Transfer breached any duty owed to its account-holder. He has not identified the legal basis for his claim for costs. Likewise, Mr. Helfrich has provided no admissible evidence showing that he is entitled to the disputed funds and has failed to state the legal basis for sanctioning Harbor Transfer. Mr. Helfrich has therefore failed to demonstrate that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. His motion for costs and sanctions is denied.

The Court notes that it has set an evidentiary hearing for May 10, 2005 to determine the identity of R. Clay Beiwinkler and the ownership of the funds in the Account. At that hearing, Mr. Helfrich and the other Defendants will have the opportunity to present evidence on the contested facts. The Court will then determine the ownership of the disputed funds based on the evidence presented at the hearing.

*B.*   *Defendant Alfred Helfrich's Motion for Permission to Issue Subpoenas*

Mr. Helfrich additionally asks the Court for permission to move at a later time to issue subpoenas to Harbor Transfer officials, apparently to appear at the May 10, 2005 hearing. Mr. Helfrich does not need the Court's permission to request that the clerk issue subpoenas: he may seek subpoenas from the clerk as provided by Federal Rule of Civil Procedure 45(a)(3) and may cause them to be served in accordance with Federal Rule of Civil Procedure 45. Mr. Helfrich's motion for "permission to move hereafter to issue subpoenas" is therefore denied as moot.

*C.*   *Defendant Alfred Helfrich's Motion Requesting Defendants Rosina Helfrich and Estate of Rozalia Beiwinkler be Dismissed Without Prejudice*

Mr. Helfrich has not stated a valid legal basis for dismissing his fellow defendants. In fact, he has not stated any reason at all. His motion to dismiss the other Defendants is therefore denied.

*D.     Defendant Alfred Helfrich's Motion to Reschedule May 10, 2005 Hearing*

The Court's schedule cannot accommodate moving the May 10, 2005 hearing to a Monday in April, and Mr. Helfrich has not stated any reason why he cannot attend the hearing on May 10, 2005. Mr. Helfrich's motion to vacate and reschedule the May 10, 2005 hearing is therefore denied.

*E.     Plaintiff's Motion for Costs and Attorneys' Fees*

Plaintiff asks the Court to award it the costs and attorneys' fees it incurred defending Mr. Helfrich's "Notice of Motion." The Court notes that Plaintiff, in its complaint, prayed for an award of the costs and fees associated with litigating the entirety of this action, which would include the defense of the instant motion. The Court reserves ruling on the appropriateness of costs and attorneys' fees until after the May 10, 2005 evidentiary hearing. At that time, the Court will determine to what, if any, costs and attorneys' fees Plaintiff is entitled. The Court will therefore deny Plaintiff's current motion for costs and attorneys' fees, with leave to reinstate.

## CONCLUSION

For the foregoing reasons, Defendant Alfred Helfrich's Motion for Costs and Sanctions, Permission to Issue Subpoenas, Dismissal of Defendants Rosina Helfrich, et al, and to Vacate Hearing Set for May 10, 2005 (Doc. No. 19) is denied. Plaintiff's Motion to Strike (Doc. No. 20) is denied in full, with leave to reinstate as to the issue of costs and fees only.

IT IS SO ORDERED.

S/ *David A. Katz*

                DAVID A. KATZ
                U. S. DISTRICT JUDGE